UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AUTOMATED SOLUTIONS, INC., an Idaho corporation; and CNCPROS.NET, INC., an Idaho corporation formerly known as Fadalcnc.com, Inc.<br><br>Plaintiffs,<br><br>v.<br><br>FADAL MACHINING CENTERS, LLC, a Wisconsin LLC; and MAG INDUSTRIAL AUTOMATION SYSTEMS, LLC, a Delaware LLC,<br><br>Defendants. | Case No. 1:10-CV-344-MHW<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending is Defendants Fadal Machining Centers, LLC ("Fadal") and MAG Industrial Automation Systems, LLC ("MAG") (collectively, "Defendants") Motion to Dismiss or Transfer Venue Fed. R. Civ. P. 12(b)(2) or (3) and 28 U.S.C. § 1404 and § 1406.

## BACKGROUND

Defendant Fadal is a Wisconsin limited liability company ("LLC") with its principal place of business in Chatsworth, California. Defendant MAG is a Delaware LLC with its principal place of business in Sterling Heights, Michigan. Both do business

**Memorandum Decision and Order - 1**

is Wisconsin.  Fadal is wholly-owned by G & L USA, LLC, a Wisconsin LLC, which is in turn wholly-owned by MAG Industrial Automation Systems, LLC.   Plaintiffs Automated Solutions, Inc. ("ASI") and CNCPros.net, Inc. ("CNC") are both Idaho corporations with their principal places of business in Ada County, Idaho.

Defendants engage in the manufacture and sale of vertical machining centers for drilling, taping, thread milling, and the like.  They also use computer controls for the operation of their machines.  These machines are sometimes called computer numeric controlled machines ("machines").  In connection with its business, Fadal owns the Fadal trademark.  Similarly, Defendant MAG is owner of the MAG trademark and design mark. Defendants have also secured several copyrights for software used to operate the machines as well as copyrights for manuals.

Plaintiffs are distributors of replacement parts for these types of machines. Plaintiff ASI is in the business of providing maintenance services to end-users of these machines manufactured by Defendants and others.

On October 20, 2006, ASI entered into a distributor agreement (the Agreement) with Fadal by which ASI could distribute certain products in a defined distributor territory.  (Sisterly Aff., Ex. F, Dkt. 10-11).  In the Agreement, ASI acknowledged that Fadal was the exclusive owner of certain trade designations.  ASI was granted a non-exclusive, non-assignable privilege to use Defendants' trade designations while the Agreement was in effect.  Neither CNC nor MAG were named parties to the Agreement.

The Agreement provides, in part:

> 15. Severability, Governing Law and Forum Selection.
> (d) Any action, claim, suit or proceeding between the parties, including but not limited to, those [in] connection with or arising out of or related to this Agreement or which in any way involves the relationship between the parties, whether in contract, tort or statute shall be initiated and prosecuted as to all parties and their successors and assigns solely and exclusively in the United States District Court, Eastern District, State of Wisconsin and each party waives, freely and completely, any right to dismiss and/or transfer any action pursuant to 28 U.S.C. § 1404 or § 1406 and any successor statutes. In the event the District of Wisconsin does not have subject matter jurisdiction then such matters shall be solely and exclusively determined under the jurisdiction of the appropriate state court of competent jurisdiction located in Fond du Lac County, Wisconsin. The parties consent to *in personam* jurisdiction of the courts described therein.

(Sisterly Aff., Ex. F at p. 8.)

The Agreement also states:

> 11. Company Trade Designations and Intangible Property
> (a) Distributor acknowledges Company's exclusive ownership, license rights and/or other rights in the various trademarks, trade names, service marks, trade dress and other trade designations and intangible property (collectively "trade designations") and intangible property relating to Company's business or the Products. Company hereby grants Distributor a nonexclusive, non-assignable, non-licensable privilege to use Company trade designations only in a lawful manner and in connection with the distribution, advertising, display and sale of the Products. This privilege to use such trade

                                  designations shall expire upon termination of this Agreement. Such trade designations and intangible property shall be used only in manner, form and context specified or approved in writing by Company and upon Company's request Distributor shall discontinue the way in which Distributor uses any Company trade designations and intangible property.

        (b)    Distributor agrees to remove all Company trade designations affixed in any fashion to property owned or controlled by Distributor (including equipment and office supplies) before leasing, selling or otherwise transferring such property or control thereof to another person or before putting such property to any use not connected with the distribution of the Products.

*Id*. at p. 7.

      On May 15, 2009, the Agreement was terminated. However, Defendants contend that Plaintiffs continued to use their trademarks in violation of 15 U.S.C. §§ 1114 and 1125 and 17 U.S.C. § 501. On or about June 25, 2010, Defendants sent Plaintiffs a letter that addressed a number of matters between the parties in an effort to resolve them, including whether Plaintiffs were infringing on Defendants' trademarks and copyrights. Defendants included a courtesy copy of a complaint to be filed in the Eastern District of Wisconsin if an amicable agreement could not be reached between the parties without judicial intervention.

      Subsequently, Plaintiffs filed this present action in the District of Idaho on July 8, 2010 seeking declaratory judgment on the issues raised by Defendants in their June 25, 2010 letter (Sisterly Aff., Ex. H, Dkt. 10-13). Prior to the expiration of the 120-day

period in which the complaint was to be served on Defendants, Plaintiffs sought an extension for serving the complaint which the Court granted.

On December 8, 2010, Defendants Fadal and MAG filed their complaint against Plaintiffs Automated Solutions, Inc. d/b/a ASI Machine and Supply, Inc. and CNCPros.net, Inc. d/b/a Fadalcnc.com, Inc. in the Eastern District of Wisconsin. *See Fadal Machining Centers, LLC and MAG Industrial Automation Systems, LLC v. Automated Solutions, Inc. and CNCPros.net, Inc., f/k/a Fadalcnc.com, Inc.*, Case No. 2:10-cv-01110-RTR (E.D. Wisc. filed Dec. 8, 2010). Subsequently, Plaintiffs ASI and CNC served the complaint and summons from the Idaho action on Defendants MAG and Fadal on December 10 and 13, 2010, respectively. The complaint and summons in the Wisconsin action was served on Plaintiffs on December 20, 2010.

## DISCUSSION

Defendants have filed a motion to dismiss or transfer venue on the grounds that Plaintiffs agreed to sole and exclusive jurisdiction for this dispute in the Eastern District of Wisconsin and Plaintiffs can adequately pursue the subject matter of their declaratory judgment in the Wisconsin action. The Court will discuss the various legal theories raised by the parties before providing its analysis.

1. **Forum Selection Clause**

Forum selection clauses are prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is "'unreasonable' under the circumstances." *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). A forum

selection clause is unreasonable if: (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power, (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court, or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. *Id*. at 12-13, 15, 18; *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 591 (1991). To establish the unreasonableness of a forum selection clause, Plaintiffs have the heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court. *Bremen*, 407 U.S. at 18.

2. **First-to-File Rule**

Under the "first-to-file" rule, when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy. *Cedars-Sinai Medical Center v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). The first-to-file rule is an extension of federal comity which permits a district court to decline jurisdiction over an action when a complaint has been filed in another district. *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). However, this is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view that dictates sound judicial administration." *Id*. at 95.

**3.     28 U.S.C. § 1404, § 1406**

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1406(a) similarly provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Ninth Circuit has stated that the issue of transferring is best left to the discretion of the trial judge. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

With regard to transferring a case under section 1404 and enforcing a forum selection clause, the Supreme Court has stated:

> Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case specific factors. The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus . . .
> the parties' agreement as to the most proper forum, should receive neither dispositive consideration . . . nor no consideration . . . but rather the consideration for which Congress provided in § 1404(a) . . .

*Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-32 (1988) (internal citations omitted).

4.  **Declaratory Judgment Act**

Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a),

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

5.  **Analysis**

Defendants argue that the forum selection clause found in the Agreement, quoted above, controls the venue of this litigation, which should be the Eastern District of Wisconsin. They contend the clause is presumptively valid and the burden is on Plaintiffs to show that it is unreasonable, which they have not done. Defendants set forth that the Agreement was negotiated at arm's length, entered into freely and Plaintiffs had the opportunity to review it with counsel. (Sisterly Aff., Ex. F, p. 10.) Further, Defendants submit that litigating this case in the Eastern District of Wisconsin would not be so gravely difficult and inconvenient that Plaintiffs would be deprived of their day in court; Plaintiffs could have foreseen any inconvenience at the time they entered into the Agreement and there are no Idaho laws implicated, only federal laws.

In response to Plaintiffs' arguments as to who were the named parties to the Agreement and who committed the alleged wrongful acts, Defendants contend that ASI owns and/or controls the CNCPros.net website. First, Defendants note that the CNCPros.net website automatically forwards all of its traffic to the FadalCNC.com

Memorandum Decision and Order - 8

website. (Cicotte Aff., Ex N, Dkt. 14-5.) Automated Solutions, Inc. was the listed registrant for FadalCNC.com as January 30, 2010. (Cicotte Aff., Ex. O, Dkt. 14-6.) The listed registrant for the domain name CNCPros.net was ASI until December 22, 2010[1] when it transferred to CNClistings, LLC. (Cicotte Aff., Exs. K & L, Dkts. 14-2, 14-3.) CNClistings, LLC is a limited liability company of which the only member or manager listed on its Certificate of Organization filed with the State of Idaho is Automated Solutions, Inc. (Cicotte Aff., Ex. M, Dkt. 14-4.) Defendants submit it is clear that ASI owned and controlled CNCPros.net as well as FadalCNC.com where the alleged unlawful infringement occurred and that Defendants' attempt to transfer ownership of the domain name should not defeat the valid and enforceable forum selection clause.[2]

Plaintiffs respond that under the first-to-file rule, jurisdiction of this case should remain in Idaho as the first action was filed in Idaho on July 8, 2010. The Wisconsin action was not filed until December 8, 2010. As Idaho was the first to obtain jurisdiction over the parties and issues in this action, the case should remain here. They also contend that under the Declaratory Judgment Act, the filing of this action in Idaho conferred jurisdiction upon this Court allowing it to make declarations regarding the rights and legal relations of these parties. *See* 28 U.S.C. § 2201.

---

[1] Defendants note that this occurred two days after Plaintiffs were served with the Wisconsin action.

[2] At the hearing on this motion, Plaintiffs advanced the argument that the forum selection clause terminated along with the Agreement in May 2009 and therefore is unenforceable. The Court disagrees. As found in the case *Advent Electronics, Inc. v. Samsung Semiconductor, Inc.*, 709 F. Supp. 843, 846 (N.D. Ill. 1989), "[i]n the absence of contractual language expressly or implicitly indicating the contrary, a forum selection clause survives termination of the contract."

**Memorandum Decision and Order - 9**

Plaintiffs further assert that Idaho is the most convenient forum and proceeding with the case in Idaho is in the best interest of justice. Plaintiffs set forth several reasons as to why Idaho is the most convenient forum, including: the alleged actions of ASI and CNC took place in Idaho where their offices are located; virtually all the witnesses and documents are located in Idaho; and travel costs by both parties will be significantly less if the matter is heard in Idaho instead of Wisconsin. With regard to the interests of justice, they submit because the alleged wrongful acts occurred in Idaho, the Court should apply Ninth Circuit case law. Additionally, as ASI and CNC are small businesses located in Idaho, the Idaho community has a strong relationship to the case.

The Court agrees with Defendants that the forum selection clause should control the venue in this case. Although Plaintiffs were the first to file, the Court finds that should not defeat an otherwise valid and enforceable forum selection clause which Plaintiffs have not shown to be unreasonable nor does the Court find it to be. While the only named parties to the Agreement are Fadal and ASI, it appears from the record that ASI owns and/or controls CNC. This is evidenced by the fact that the CNCPros.net website redirects to FadalCNC.com, which is registered to Automated Solutions. CNCPros.net was previously registered to Automated Solutions and is now registered to CNClistings, LLC. Automated Solutions, Inc. is a member/manager of CNClistings, LLC. All of these entities and websites connect back to ASI. Further, ASI and CNC, as well as CNClistings, LLC, are all run by Brian Denny and located at the same address in Meridian, Idaho. These entities are all interconnected and related to one another.

**Memorandum Decision and Order - 10**

As for Plaintiffs' contentions regarding the most convenient forum, the Declaratory Judgment Act and first-to-file rule, the Court finds they do not outweigh a valid agreement between the parties to litigate in Wisconsin.  The first-to-file rule is to be applied on a case by case basis and not in a rigid manner.  The Court must look at all the facts surrounding the matter and make a decision using its sound discretion, keeping in mind "sound judicial administration."  While it is very likely true that many of the witnesses and documents may be located in Idaho, that does not make the forum selection clause so "gravely difficult and inconvenient" that the it should be ignored.  Plaintiffs entered into the Agreement at arm's length and could have foreseen any potential inconvenience at that time.  Further, while Plaintiffs may be located in Idaho, Defendants do business in Wisconsin, giving it equal interest in the outcome of this case.  With respect to the Declaratory Judgment Act statute cited by Plaintiffs, while that confers jurisdiction upon this Court to hear a declaratory action, it does not dictate that jurisdiction may *only* occur in Idaho.  Additionally, as recognized by the Seventh Circuit in addressing a first-to-file issue where the first action filed was a declaratory judgment action, "where the parallel cases involve a declaratory judgment action and a mirror-image action seeking coercive relief - we ordinarily give priority to the coercive action, regardless of which case was filed first. . . Courts have also departed from a first-to-file rule where one party files its lawsuit in anticipation of an impending suit by the opposing party."  *Research Automation v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973 (7th Cir. 2010).

**Memorandum Decision and Order - 11**

As stated above, the Court finds the forum selection clause of the Agreement to be valid and enforceable. There has been no showing that it is unreasonable. While Plaintiffs were the first to file, the Court does not find that alone, or coupled with the arguments regarding convenience, outweigh the enforceability of a valid forum selection clause. Further the Court notes that attempts to avoid jurisdiction by transferring ownership or by being the first to file should not be rewarded. The Court finds it disconcerting that Plaintiffs did not serve the Idaho action on Defendants until Defendants had filed their action in Wisconsin. Accordingly, the Court will transfer venue of this case to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404.

## ORDER

**IT IS HEREBY ORDERED:**

1) Defendants' Motion to Dismiss or Transfer Under Fed. R. Civ. P. 12(b)(2) or (3) and 28 U.S.C. §§ 1404 and 1406 (Dkt. 10) be **GRANTED IN PART and DENIED IN PART.**

2) Venue of this case shall be transferred to the Eastern District of Wisconsin.

IT IS SO ORDERED.

DATED: June 6, 2011

Honorable Mikel H. Williams
United States Magistrate Judge